# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

JESSE J. WILLEMSEN,

    Plaintiff,

v.

BIOMAT USA, INC.,
GRIFOLS SHARED SERVICES NORTH
AMERICA, INC., and
ABC INSURANCE COMPANY,

    Defendants.

Case No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Biomat USA, Inc., and Grifols Shared Services North America, Inc. (collectively, "Removing Defendants") hereby remove the action styled as *Willemsen v. Biomat USA, Inc., et al.*, Winnebago County Circuit Court Case No. 2021CV000106, to the United States District Court for the Eastern District of Wisconsin.[1]

### THE CASE OR CONTROVERSY

1. The present lawsuit was filed by Plaintiff Jesse J. Willemsen on February 19, 2021, in the Winnebago County Circuit Court, Case No. 2021CV000106 (the "Lawsuit").

2. The Lawsuit is a civil action in which Plaintiff alleges that he sustained injuries due to the Removal Defendants' alleged negligence in attempting to draw blood from Plaintiffs arm. (Pl.'s Compl. ¶¶ 6-7.)

---

[1] By removing this action to federal court, Removing Defendants do not waive any defenses otherwise available to them under Federal Rule of Civil Procedure 12, including the defense of lack of personal jurisdiction. *See, e.g.*, *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995).

**TIMELINESS OF REMOVAL**

3. Defendant Biomat USA, Inc., was served with the Summons and Complaint in the Lawsuit on March 9, 2021. Defendant Grifols Shared Services North America, Inc., was served with the Summons and Complaint in the Lawsuit on March 11, 2021.

4. Removing Defendants by this Notice remove this case to federal court on the date of this filing.

5. Defendants' Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice is filed within 30 days after the earliest receipt by a Defendant named in this case, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.

**JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332**

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between the Plaintiff and the Removing Defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity existed both at the time the case was filed and at the time of removal.

*Diverse Citizenship of the Parties*

7. Plaintiff Jesse J. Willemsen is a citizen and resident of Wisconsin. (Pl.'s Compl. ¶ 1.)

8. Defendant Biomat USA, Inc., is incorporated in Delaware with its principal place of business in California, and is therefore considered a citizen of both Delaware and California for purposes of diversity jurisdiction. (Pl.'s Compl. ¶ 2.) *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation's "principal place of business" is "the actual center of direction, control, and coordination" of the corporation's activities).

9. Defendant Grifols Shared Services North America, Inc. is incorporated in Virginia with its principal place of business in California, and is therefore considered a citizen of both Virginia and California for purposes of diversity jurisdiction. (Pl.'s Compl. ¶ 4.)

10. Plaintiff is a citizen of Wisconsin and none of the named Defendants in this action is a citizen of Wisconsin. Therefore, there is complete diversity of citizenship between the parties.

## *Amount in Controversy Exceeds Threshold*

11. The Lawsuit alleges that Plaintiff suffered nerve damage as a result of Removal Defendants' negligence in attempting to draw blood from Plaintiff's arm. (Pl.'s Compl. ¶¶ 6-7, 9, 12.)

12. Plaintiff alleges he sustained nerve damages "resulting in damages including medical expenses, lost income, pain suffering, and disability to-date and in the future." (Pl.'s Compl. ¶¶ 9, 12.)

13. Where, as here, the complaint does not state the amount of damages the plaintiff seeks, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

14. Based on the numerous categories of damages sought by Plaintiff, Removing Defendants estimate that the amount in controversy exceeds $75,000.

15. Some courts have recognized that personal injury claims seeking damages for medical treatment, especially where lost earnings, expected income, and past and future medical expenses are items of damages sought, facially meet the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000.").

16. Additionally, consistent with *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000), counsel for Removing Defendants offered Plaintiffs' counsel the opportunity to stipulate that Mr. Willemsen is not seeking and will neither demand nor accept any recovery in excess of $75,000. Plaintiffs' counsel declined to so stipulate.

17. Thus, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## **OTHER REMOVAL REQUIREMENTS MET**

18. This Notice of Removal is in compliance with Rule 11 of the Federal Rules of Civil Procedure.

19. A copy of all pleadings filed and orders received in this matter (to date, consisting solely of the Summons and Complaint) are attached hereto as **Exhibit A**.

20. Removal of this action is not prohibited by 28 U.S.C. § 1445.

21. Promptly after filing this Notice of Removal, Removing Defendants will file a copy of this Notice of Removal with the Clerk of Court for the Winnebago County Circuit Court pursuant to 28 U.S.C. § 1446(d).

22. Removing Defendants respectfully request that this action be removed from the Winnebago County Circuit Court to the United States District Court for the Eastern District of Wisconsin. Removing Defendants additionally request all other and further relief to which they may be entitled.

DATED this 6th day of April, 2021.

Respectfully submitted,

O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.

By: /s/ *Gregory W. Lyons*
Gregory W. Lyons
Austin J. Malinowski
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: 414-276-5000
Email: greg.lyons@wilaw.com
       austin.malinowski@wilaw.com

*Attorneys for Defendants Biomat USA, Inc. and Grifols Shared Services North America, Inc.*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of April, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

      I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Joseph M. Troy
Habush Habush & Rottier S.C.
4100 Boardwalk Court
Appleton, WI 54041
Attorneys for Plaintiff


/s/ *Gregory W. Lyons*